FILED

2010 MAY -6 AM 10: 27

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIA KING-SCOTT, on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br><br>vs.<br><br>UNIVERSITY MEDICAL PHARMACEUTICAL, CORP.,<br><br>         Defendant. | CASE NO. 09-cv-02512 BEN (WVG)<br><br>ORDER GRANTING MOTION TO TRANSFER VENUE<br><br>[Docket No. 11] |

Currently before this Court is a Motion to Transfer Venue ("Motion") filed by Defendant in the above-captioned case. (Docket No. 11.) Plaintiff filed an opposition and Defendant filed a reply. The parties having fully briefed the Motion, the Court finds the Motion suitable for disposition on the papers, without oral argument, pursuant to Local Civil Rule 7.1.d. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

This action arises from alleged misrepresentations made by Defendant in its marketing and sale of a cosmetic product known as WrinkleFree Eyes. Defendant is the maker of the product and is located in Irvine, California, i.e., within the jurisdiction of the Central District of California. Plaintiff is a purchaser of the product and resides in San Diego, California, i.e., within the jurisdiction of the Southern District of California. Plaintiff asserts her claims on behalf of herself and all similarly situated individuals.

On November 9, 2009, Plaintiff initiated this action against Defendant, alleging three causes of action for, among other things, violation of California's Consumers Legal Remedies Act and unfair competition. Plaintiff's claims are based on state law; however, this Court has original jurisdiction based on the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453.

On November 30, 2009, a different individual plaintiff filed a similar class action against Defendant, but within the Central District of California. That case is titled *McCool v. University Medical Pharmaceuticals Corp.*, Case No. 09-cv-9172, the Honorable Philip S. Gutierrez presiding.[1] Similar to this case, the *McCool* case alleges misrepresentations concerning the WrinkleFree Eyes product and asserts claims based on, among other things, violations of California's Consumers Legal Remedies Act and unfair competition.

On December 21, 2009, yet a third individual plaintiff filed a class action against Defendant, this time in the United States District Court for South Carolina, titled *Realson v. University Medical Pharmaceuticals Corp.*, Case No. 09-cv-3277. The *Realson* case also alleges misrepresentations concerning the WrinkleFree Eyes product and asserts claims based on, among other things, violations of various states' consumer protection statutes and unfair competition. As in this case, Defendant filed a motion to transfer venue of the *Realson* case to the Central District of California. That motion is still pending in South Carolina.

## DISCUSSION

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted).

In this case, it is undisputed that the action could have been brought in the Central District of California, based on Defendant's residency. Therefore, the issue becomes whether the "convenience of the parties and witnesses" and the "interest of justice" compel transferring venue. Factors relevant to that determination in this case include Plaintiff's choice of forum; contacts between Plaintiff's

---

[1] The *McCool* case was initiated in Orange County Superior Court and later removed to the Central District Court of California, Los Angeles Division.

claims and Plaintiff's chosen forum; the convenience of witnesses; the ease of access to sources of proof; the court most familiar with the claims between parties; and any relevant public policy. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Applying those factors here, the Court finds that venue of this action should be transferred to the Central District of California. First, the *McCool* case is already pending in the Central District. The *McCool* case alleges substantially similar claims against the same defendant and seeks redress for the same class of people over the same period of time. Although the *McCool* case was filed three weeks after this case, the record shows the *McCool* litigation has progressed further than this case, including the filing of a Joint Rule 26(f) Discovery Plan. Transferring this action to the Central District, therefore, would avoid duplicative litigation, further judicial economy and prevent the waste of resources.

Additionally, transferring venue would not change the difficulty of accessing evidence, proof or the Court, as both parties are located within driving distance of the courthouse in the *McCool* litigation. If anything, transferring venue may ease the access to evidence and proof, as there is likely to be substantial overlap between the discovery in this case and that in the *McCool* lawsuit. Although Plaintiff is an individual and, therefore, her choice of forum must be given particularly appreciable weight, her choice is not dispositive of the § 1404(a) issue and cannot be used to completely bar transfer of venue where, as here, substantial judicial resources will be saved and the fear of inconsistent outcomes will be abated by transferring venue. *See, e.g., In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (holding the lower court erred in giving "inordinate" weight to plaintiff's choice of venue). Additionally, where, as here, a plaintiff asserts his or her claims on behalf of a class, a plaintiff's choice of forum is given less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of form... when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight.")

In light of the above, the Court finds that the convenience of the parties and witnesses and the interests of justice compel transferring venue of this action to the United States District Court for the Central District of California, Los Angeles Division.

## CONCLUSION

Accordingly, Defendant's Motion to Transfer Venue is **GRANTED**. The Clerk is directed to transfer venue of this case to the United States District Court for the Central District of California, Los Angeles Division.

**IT IS SO ORDERED**.

Date: May 6, 2010

Hon. Roger T. Benitez
United States District Court Judge